Maurice P. O'CONNELL and Kathleen A. O'Connell, Plaintiffs and Respondents,

v.

Walter R. HJELLE, State Highway Commissioner for the State of North Dakota, Defendant and Appellant.

No. 8299.

Supreme Court of North Dakota.

June 6, 1966.

Rehearing Denied July 1, 1966.

Helgi Johanneson, Atty. Gen., and Myron E. Bothun, Sp. Asst. Atty. Gen., Bismarck, for appellant.

Freed, Dynes & Malloy, Dickinson, for respondents.

ERICKSTAD, Judge.

This is an appeal by Walter R. Hjelle, Highway. Commissioner for the State of North Dakota, from a judgment of the District Court of Billings County. It arises out of a condemnation proceeding brought by the State Highway Commissioner, hereafter referred to as the Commissioner, to acquire certain real property for the right of way of Interstate Highway 94.

To acquire possession of the land, the Commissioner offered to purchase certain tracts from Maurice P. and Kathleen A. O'Connell. The amount of the offer was deposited with the Clerk of District Court of Billings County, where the land is situated.

The O'Connells appealed therefrom to the district court, pursuant to Section 14 of our Constitution, asking that a jury determine the damages resulting from the State's taking of the land. A verdict was returned in favor of the O'Connells in the sum of $24,-

288.80. The court ordered that the judgment include, in addition to the amount of the verdict, interest, costs and disbursements, appraisers' fees, engineers' fees, and attorneys' fees. The total judgment appealed from is in the sum of $26,695.17.

The main issue in this case is whether it was proper for the trial court to admit evidence of the use and value of ranch property held jointly by Maurice P. and Kathleen A. O'Connell and Maurice's parents, William P. and Elizabeth Ann O'Connell, in an action to determine damages resulting from a taking by the Highway Department of 178.26 acres of land owned by Maurice and Kathleen and 1.91 acres of land jointly owned by Maurice, his wife, and his parents.

A plat depicting the various interests of the parties and the right of way taken for Interstate Highway 94 is set forth on page 253.

The shaded areas on the plat represent the lands owned jointly by Maurice, Kathleen, and Maurice's parents. These tracts are referred to as the family unit. The diagonally lined areas on the plat represent the land wholly owned by Maurice and Kathleen. The two units, plus contiguous leased lands, were operated as one ranch. The record does not clearly describe the leased lands, but it appears that they are represented by several of the white areas on the plat which are contiguous to the shaded and lined areas.

The State took 178.26 acres (28.62 acres being a temporary acquisition) owned by Maurice and Kathleen and 1.91 acres of the family unit for Interstate Highway 94 right of way. The highway is shown on the plat as a heavy dark line. The plat clearly shows that the location of the right of way resulted in the severance of Maurice's and Kathleen's land lying north of Interstate Highway 94 from the remainder of their land south of the highway.

The severed land consists of 187.5 acres. The family unit now contains 2,220.16 acres less the 1.91 acres taken by the State. There is a discrepancy in the record as to the acreage contained in the unit owned by Maurice and Kathleen, but we do not believe that this materially affects the issues in the case. The acreage was between 1,715 and 1,925 and is now diminished by the 178.-16 acres taken by the highway. In connection with the family unit William had a Medora Grazing Association preference permit which obviously enhanced the value of the family unit. Maurice and Kathleen had a permit of another type which also enhanced the value of the unit which they wholly owned.

The Commissioner has assigned two specifications of error. The first reads as follows:

That the District Court erred in its ruling whereby it permitted the Plaintiffs and Respondents to establish value upon the basis that two distinct parcels of land under two distinct ownerships could be treated as one for purposes of valuation of the portions taken and also for purposes of determining the amount of severance damages to both parcels, the same being contrary to law.

The ruling referred to apparently is the one which the trial court made in chambers before the trial commenced, when the following motion was made on behalf of the Commissioner:

MR. BOTHUN [representing the Commissioner]: * * * At this time respondent would move that all evidence tending to establish value and damage as to the property owned in joint tenancy [by the four O'Connells] be excluded at this time for the reason that the ownership is different from that in which Maurice O'Connell has the fee title.

* * * * * *

THE COURT: And as I understand you are asking the Court to exclude any and all evidence, any and all damages or

TOPOGRAPHIC MAP SHOWING PROPERTY OF
MAURICE R. & KATHLEEN A. O'CONNELL
TWP. 140N   RGE 101W
TWP. 139N   RGE 101W
BILLINGS COUNTY

100 %   OWNERS – MAURICE R. & KATHLEEN A. O'CONNELL
50 %   OWNERS – MAURICE R. & KATHLEEN A. O'CONNELL

value to these properties in which the appellants [Maurice and Kathleen] own only a partial interest as far as this case is concerned?

MR. BOTHUN: Yes.

\*    \*    \*    \*    \*    \*

THE COURT: The motion is denied. However it is the understanding of the Court and the parties that the respondent, State of North Dakota, may have a standing objection then to all evidence and testimony tending to show these damages so far as they affect the properties owned by the appellant [Maurice and Kathleen] and others in which they have a partial interest.

MR. BOTHUN: Yes, and also the value of both parcels.

THE COURT: Value and damages of any properties owned by appellants [Maurice and Kathleen] of which they own only a partial interest along with other people.

\*    \*    \*    \*    ·\*    \*

MR. BOTHUN: I might further elaborate on that. Our objection would also extend to any determination and treatment of value to that property owned singly by Maurice and his wife. I think there are two aspects to this. In other words there could be value to the singly owned property from the jointly owned property and vice versa.

THE COURT: You may have that included. \*  \*  \*

We cannot see how the Commissioner's case was prejudiced by the denial of his motion.

Our statute on assessment of damages reads as follows:

32–15–22. Assessment of damages.— The jury, or court, or referee, if a jury is waived, must hear such legal testimony as may be offered by any of the parties to the proceedings and thereupon must ascertain and assess:

1.  The value of the property sought to be condemned and all improvements thereon pertaining to the realty and of each and every separate estate or interest therein. If it consists of different parcels, the value of each parcel and each estate and interest therein shall be separately assessed;

2.  If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff;

3.  If the property, though no part thereof is taken, will be damaged by the construction of the proposed improvement, the amount of such damages;

4.  If the property is taken or damaged by the state or a public corporation, separately, how much the portion not sought to be condemned and each estate or interest therein will be benefited, if at all, by the construction of the improvement proposed by the plaintiff, and if the benefit shall be equal to the damages assessed under subsections 2 and 3, the owner of the parcel shall be allowed no compensation except the value of the portion taken, but if the benefit shall be less than the damages so assessed the former shall be deducted from the latter and the remainder shall be the only damages allowed in addition to the value of the portion taken;

5. As far as practicable, compensation must be assessed separately for property actually taken and for damages to that which is not taken.

North Dakota Century Code.

Nothing contained in this statute requires the construction placed on it by the Commissioner.

The pertinent part of the verdict reads as follows:

1. DIRECT DAMAGES FOR PERMANENT TAKING OF RIGHT-OF-WAY. This . . . totals 149.64 acres.    $ 8,230.20

2. DIRECT DAMAGES FOR TEMPORARY EASEMENTS. This . . . totals 28.62 acres.    $ 1,001.70

3. DIRECT DAMAGES FOR PERMANENT TAKING OF Appellants' one-half interest in Parcel 18. The whole interest of this parcel consists of 1.91 acres.    $ 52.25

4. SEVERANCE AND CONSEQUENTIAL DAMAGES:
   a) Severance and consequential damages, if any, to land wholly owned by Maurice P. O'Connell and Kathleen A. O'Connell    $14,254.65
   b) Severance and consequential damages, if any, to Maurice P. O'Connell and Kathleen A. O'Connell's one-half interest in balance of land    $_____

5. ADVERTISING CONTROL DAMAGES    $ 750.00

   TOTAL OF ALL DAMAGES .......................... $24,288.80

---

As the jury did not award any severance and consequential damages to Maurice and Kathleen for their one-half interest in the family unit, we need not decide whether such damages would have been proper if awarded.

In other words, if it was error for the trial court to permit the jury to consider evidence of damages to the property owned by the four tenants, which we are not determining in this case, it was error without prejudice, because the jury awarded no damages for that property.

It is argued on behalf of the Commissioner that the receipt of evidence concerning the value and use of the family unit with its preference permit, in conjunction with the unit wholly owned by Maurice and Kathleen, served to increase the average per acre value of the latter unit and the severance damages to it. This, of course, is purely speculative and is disputed by Maurice and Kathleen, who assert that their own grazing permit, although not designated a preference permit, was at least of equal value. Assuming, for the sake of argument, that this allegation were true, we do not believe that the court's ruling admitting this evidence constituted prejudicial error.

The Commissioner has cited numerous cases in support of his contentions. An examination of these cases discloses that they are, for the most part, distinguishable on the facts.

In a recent case involving quite similar facts, the Supreme Court of Iowa permitted evidence of the value of a jointly owned condemned lot, as used in conjunction with two other lots which were owned by only one of the joint tenant owners of the condemned lot.

The court quoted with approval from Nichols on Eminent Domain and from American Jurisprudence.

In Nichols, Eminent Domain, Revised Third Ed., Vol. 4, section 12.314, pages 159, 160, it is said: "Thus, where the adaptability for a specific use depends upon the land being used in combination with lands belonging to other persons, such use may be shown if the possibility of such combination is so great as to have a definite effect in enhancing the market value of the property." In 18 Am.Jur., Eminent Domain, section 245, page 883, the rule is thus stated: "Even though the increased market value is due to the adaptability of the property for valuable uses in conjunction with other properties, it may be considered if the practicability of the combination of all necessary properties on which such availability depends is at the time of the condemnation so great as probably to affect the public mind, and therefore increase the price which a purchaser might be expected to give." * * *

Crist v. Iowa State Highway Commission, 255 Iowa 615, 123 N.W.2d 424, at 427.

As in *Crist,* we have not merely a probability of availability for use in connection with other properties, but the actual and undisputed fact of the use of the two ranch units with the leased areas as one ranch.

This court said in the syllabus of a 1950 opinion:

The determination of value in a condemnation proceeding is not a matter of formula or artificial rules, but of sound judgment and discretion based upon a consideration of all of the relevant facts in a particular case.

City of Bismarck v. Casey, 77 N.D. 295, 43 N.W.2d 372, at 373.

We believe that the value of the two units used together was a relevant fact in determining the value of the land taken and the amount of severance damages to the unit wholly owned by Maurice and Kathleen.

The Commissioner's second specification reads as follows:

That the District Court erred in its instruction wherein the court stated "the fact that the most profitable use of a parcel of land can be made only in combination with other lands does not exclude such use from your consideration in determining the amount of just compensation which the owners are entitled to recover in these proceedings."

The reasons stated herein for finding no prejudicial error in Specification 1 apply also to Specification 2.

The judgment of the trial court is affirmed.

TEIGEN, C. J., KNUDSON and STRUTZ, JJ., and GEFREH, D. J., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.